

# Fourth Court of Appeals
## San Antonio, Texas

August 15, 2013

No. 04-13-00525-CV

**PAM TRANSPORT INC.**, Victor Soza, Pam Cartage Carriers, LLC f/k/a Pam Dedicated Services, Inc., Pam Transportation Services, Inc.,
Appellants

v.

Martha **GUADALAJARA**, Individually and as representative of the Estate of Roberto Guadalajara-Garza and as next friend of Roberto Ivan Guadalajara, Edgardo Guadalajara Isual Guadalajara, Kimberly Guadalajara, et al,
Appellees

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 10-06-25301-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

# O R D E R

Appellants seek to appeal from an interlocutory order denying a motion to compel arbitration. *See* TEX. CIV. PRAC. & REM. CODE ANN. 51.016 (West Supp. 2012) (providing that in a matter subject to the Federal Arbitration Act, a person may take an appeal from an interlocutory order under the same circumstances that an appeal from a federal court's order would be permitted). On August 6, 2013, appellants filed a motion to stay all trial court proceedings, including discovery and motion practice, until this appeal is resolved. On August 13, 2013, appellees filed a response to appellants' motion to stay all trial court proceedings. This response also contains a request that this appeal be dismissed for lack of jurisdiction.

While an appeal from an interlocutory order is pending, the trial court retains jurisdiction over the case and, unless prohibited by statute, may make further orders. TEX. R. APP. P. 29.5. If permitted by law, the trial court may even proceed with a trial on the merits. *Id*. However, the trial court must not make an order that interferes with or impairs the jurisdiction of the appellate court, or the effectiveness of any relief sought or that may be granted on appeal. *Id*.

In their notice of appeal, appellants claim they are entitled to an appeal of the trial court's interlocutory order based on section 51.016 of the Texas Civil Practice and Remedies Code. This statute, however, does not expressly require a stay of the trial court proceedings during the

pendency of an appeal from an interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. 51.016. Moreover, nothing indicates the appellants asked the trial court to stay its proceedings before asking this court to stay the trial court's proceedings. *See id.*; *see also* TEX. R. APP. P. 29.2 (providing that the trial court may permit an order granting interlocutory relief to be superseded and, if the trial court refuses, the appellate court may review the decision for an abuse of discretion).

Appellants' motion to stay all trial court proceedings is therefore DENIED. It is FURTHER ORDERED that appellees' request to dismiss this appeal for lack of jurisdiction is CARRIED WITH THIS APPEAL.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of August, 2013.

_____
Keith E. Hottle
Clerk of Court